IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 19-519 |
| JOHN KRAWCZYK | : | FILED UNDER SEAL |

**GOVERNMENT'S MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through its attorneys, Jennifer Arbittier Williams, Acting United States Attorney for the Eastern District of Pennsylvania, Sarah L. Grieb, Assistant United States Attorney, Chief, Asset Recovery and Financial Litigation Unit and Debra Jaroslawicz, Department of Justice Trial Attorney, respectfully requests entry of an order of forfeiture, and, in support of this motion, the United States represents as follows:

1. On September 10, 2019, the defendant, John Krawczyk was charged in an Information with conspiracy to pay kickbacks in connection with a federal health care benefit program, in violation of 18 U.S.C. § 371 (Count One); payment of kickbacks in connection with a federal health care benefit program, in violation of 42 U.S.C. § 1320a-7(b)(2)(B) and 18 U.S.C. § 2 (Count Two). The Information also contained a Notice of Forfeiture, which alleged that the defendant's interest in certain property was forfeitable pursuant to 18 U.S.C. § 982(a)(7), as a result of his violations of 18 U.S.C. § 371, 42 U.S.C. § 1320a-7(b)(2)(B) and 18 U.S.C. § 2. The Notice of Forfeiture also provided notice that, in the event such property cannot be located, the government would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

2. On September 12, 2019, the defendant pleaded guilty to the Information.

3. As a result of his guilty plea, the defendant is required, pursuant to 18 U.S.C. § 982(a)(7), to forfeit criminally his interest in any property, real or personal, that

constitutes or is derived, directly or indirectly, from gross proceeds traceable to the defendant's commission of a violation of 18 U.S.C. § 371, 42 U.S.C. § 1320a-7(b)(2)(B) and 18 U.S.C. § 2, as charged in Counts One and Two of the Information.

4. Pursuant to the terms of the Guilty Plea Agreement, the defendant has agreed to the entry of a forfeiture money judgment in the amount of $794,000 which represents the gross proceeds that the defendant obtained as a result of his violations of 18 U.S.C. § 371, 42 U.S.C. § 1320a-7(b)(2)(B) and 18 U.S.C. § 2, as charged in Counts One and Two of the Information. Based upon the defendant's Guilty Plea Agreement, the facts set forth at the plea hearing and those set forth in the record as a whole, the government avers that the sum of $794,000 in United States currency is subject to forfeiture as a result of the defendant's guilty plea as to Counts One and Two of the Information, and that the government has established the requisite nexus between such property and the offenses. This amount represents the value of gross proceeds that he obtained as a result of his commission of a violation of 18 U.S.C. § 371, 42 U.S.C. § 1320a-7(b)(2)(B) and 18 U.S.C. § 2, as charged in Counts One and Two of the Information. *See Honeycutt v. United States*, 137 S. Ct. 1626 (2017) (a defendant must forfeit the property that he himself acquired from the offense giving rise to the forfeiture); *United States v. Gjeli*, 867 F.3d 418, 426-27 (3d Cir. 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 1963 and 18 U.S.C. § 981(a)(1)(C)); *United States v. Brown*, 694 Fed. App'x 57, 2017 WL 3404979 (3d Cir. Aug. 9, 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 982(a)(2)); *United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006) (an *in personam* forfeiture money judgment may be entered against the defendant for the full amount of the criminal proceeds); Fed. R. Crim. P. 32.2(b)(1) (where the government seeks an order of forfeiture for criminal proceeds, the court must determine the amount of money that the defendant will be ordered to pay).

5. The government, therefore, seeks an order of forfeiture of the $794,000 in gross proceeds that he obtained as a result of his commission of 18 U.S.C. § 371, 42 U.S.C. § 1320a-7(b)(2)(B) and 18 U.S.C. § 2, as charged in Counts One and Two of the Information and the entry of a money judgement in this amount.

6. The defendant admits, pursuant to his plea agreement, that, due to the defendant's acts or omissions, the $794,000 in gross proceeds are not currently available to the government for forfeiture, and that the government is entitled to the forfeiture of substitute assets because one or more of the conditions in 21 U.S.C. § 853(p) have been met. Based upon the defendant's Guilty Plea Agreement, the facts set forth at the plea hearing, and those set forth in the record as a whole, the defendant has dissipated or otherwise spent the proceeds that he obtained and the United States cannot locate the proceeds upon the exercise of due diligence, and one or more of the conditions in 21 U.S.C. § 853(p) have been met. Accordingly, pursuant to 21 U.S.C. 853(p) and Federal Rule of Criminal Procedure 32.2(e)(1)(B), the government is authorized to seek forfeiture of substitute assets of the defendant up to the amount of $794,000. 21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(b)(2).[1] *Honeycutt v. United States*, 137 S. Ct. 1626,

---

[1] Title 21 U.S.C. § 853(p) provides that the government is entitled to the forfeiture of substitute property if, as a result of any act of the defendant, forfeitable property cannot be found upon the exercise of due diligence or has been transferred or deposited with a third party. Fed. R. Crim. P. 32.2(e)(1)(B) provides that the court may, at any time, amend an existing order of forfeiture to include substitute property. The government may forfeit substitute assets to satisfy a forfeiture money judgment. *See, e.g.*, *United States v. Hall*, 434 F.3d 42, 58 n.7 (1st Cir. 2006) (substitute assets may be forfeited to satisfy a forfeiture order for a sum of money that the defendant, by his act or omission, has prevented the government from tracing); *United States v. Moses*, No. 1:05-CR-133, 2010 WL 3521725, at *9 (D. Vt. Sept. 7, 2010) (any property not forfeited as proceeds or facilitating property may be forfeited as substitute assets to satisfy the money judgment); *United States v. George*, No. 1:09cr431, 2010 WL 1740814, at *3 (E.D. Va. Apr. 26, 2010) (defendant ordered to forfeit annuity payments she was entitled to receive for the next ten years as substitute asset in partial satisfaction of money judgment); *United States v. Carroll*, 346 F.3d 744, 749 (7th Cir. 2003) (defendant may be ordered to forfeit "every last penny" he owns as substitute assets to satisfy money judgment).

1634 (2017) (Supreme Court recognizes the government's ability to forfeit substitute assets, pursuant to Section 853(p), when the defendant once possessed tainted property and the tainted property has then been dissipated or otherwise disposed of by "any act or omission of the defendant."); *see, e.g.*, *United States v. Hall*, 434 F.3d 42, 58 n.7 (1st Cir. 2006) (substitute assets may be forfeited to satisfy a forfeiture order for a sum of money that the defendant, by his act or omission, has prevented the Government from tracing); *United States v. Moses*, 2010 WL 3521725, *9 (D. Vt. 2010) (any property not forfeited as proceeds or facilitating property may be forfeited as substitute assets to satisfy the money judgment); *United States v. George*, 2010 WL 1740814, *3 (E.D. Va. 2010) (defendant ordered to forfeit annuity payments she was entitled to receive for the next ten years as substitute asset in partial satisfaction of money judgment); *United States v. Carroll*, 346 F.3d 744, 749 (7th Cir. 2003) (defendant may be ordered to forfeit "every last penny" he owns as substitute assets to satisfy money judgment).[2]

7. On March 30, 2020, the defendant and the government entered into an Agreement for Interlocutory Sale of Property, in which the defendant agreed to sell 1323 Redcone Street, Feasterville, Pennsylvania ("Redcone Property"), to pay the net proceeds from the sale of the Redcone Property to the United States Marshals Service, and to have the net proceeds from the sale of the Redcone Property constitute substitute assets in partial satisfaction of the forfeiture money judgment. *See* Agreement for Interlocutory Sale of Property attached as Exhibit A. On March 30, 2020, pursuant to this Agreement, $63,014.04, which represented the net proceeds from the sale of the Redcone Property, was paid to the United States Marshals Service.

---

[2] Also, there is no nexus or tracing requirement for the forfeiture of substitute property under 21 U.S.C. § 853(p) and Rule 32.2(e)(1)(B).

8. By this motion, the government seeks to forfeit the $63,014.04 in net proceeds from the sale of the Redcone Property as substitute assets in partial satisfaction of the defendant's outstanding forfeiture money judgment.

9. The government requests authority to conduct discovery, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(m), to identify, locate, and dispose of property subject to forfeiture and to address any third-party claims.

For the reasons stated above, the government requests that this Court enter the attached Order.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney

*/s/ Sarah L. Grieb*
SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery and Financial Litigation

*/s/ Debra Jaroslawicz*
DEBRA JAROSLAWICZ
Department of Justice Trial Attorney

Date: _____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 19-519 |
| JOHN KRAWCZYK | : | FILED UNDER SEAL |

**PRELIMINARY ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As a result of the defendant, John Krawczyk's guilty plea as to Counts One and Two of the Information charging him with conspiracy to pay kickbacks in connection with a federal health care benefit program, in violation of 18 U.S.C. § 371 (Count One); payment of kickbacks in connection with a federal health care benefit program, in violation of 42 U.S.C. § 1320a-7(b)(2)(B) and 18 U.S.C. § 2 (Count Two), the defendant is required to forfeit criminally his interest in any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the defendant's commission of a violation of 18 U.S.C. § 371, 42 U.S.C. § 1320a-7(b)(2)(B) and 18 U.S.C. § 2, pursuant to 18 U.S.C. § 982(a)(7).

2. All property that constitutes or is derived from gross proceeds traceable to the commission of such offenses is forfeited to the United States.

3. The sum of $794,000 represents the value of property that constitutes and is derived from gross proceeds that the defendant directly or indirectly obtained, which are traceable to the defendant's commission of the offenses charged in Count One and Two of the Information.

4. The defendant shall forfeit to the United States the $794,000 in gross proceeds that he obtained as a result of his commission of the offenses charged in Counts One

and Two of the Information, pursuant to 18 U.S.C. § 982(a)(7), and Federal Rule of Criminal Procedure 32.2(b)(2).  A money judgment in the amount of $794,000 is hereby entered against the defendant.

5. Due to the defendant's acts or omissions, these proceeds are not currently available because the defendant has dissipated or otherwise spent the proceeds that he obtained and the United States cannot locate the proceeds upon the exercise of due diligence.  Therefore, pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment.  The government may move at any time, pursuant to Federal Rule of Criminal Procedure 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

6. Pursuant to the Agreement for Interlocutory Sale of Property entered into by the defendant and the government, 18 U.S.C. § 982(a)(7), and 21 U.S.C. § 853(p), the following property constitutes substitute assets of the defendant to satisfy partially the $794,000 forfeiture money judgment, and all right, title, and interest of the defendant in the following property is hereby forfeited to the United States:

>  (a) $63,014.04 in net proceeds from the sale of 1323 Redcone Street, Feasterville, Pennsylvania, paid to the United States Marshals Service (hereinafter "Substitute Property").

7. Upon entry of this Order or any amendment thereto that is entered pursuant to Federal Rule of Criminal Procedure 32.2(e), the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order or subsequent amendment, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

8. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(6) and 21 U.S.C.

§ 853(n)(1), the government shall, upon entry of this Order, post on an official internet government forfeiture site (www.forfeiture.gov), for a period of at least 30 consecutive days, notice of the government's intent to dispose of the Substitute Property in such a manner as the Attorney General may direct. This notice shall state that any person, other than the defendant, having or claiming a legal interest in the Substitute Property subject to this Order must file a petition with the Court no later than thirty days after the last day of publication on the official internet government forfeiture site.

   The notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

   9. To the extent practicable, the government also shall provide direct written notice to any person known to have alleged an interest in the Substitute Property that is subject to this Preliminary Order of Forfeiture, or to their attorney, if they are represented, as a substitute for published notice as to those persons so notified. If direct written notice is provided, any person having or claiming a legal interest in any of the Substitute Property subject to this Preliminary Order of Forfeiture must file a petition with the Court within 30 days after the notice is received; and it is further

   Any person, other than defendant, asserting a legal interest in the Substitute Property may, within the time periods described above for notice by publication and for direct written notice, petition the Court for a hearing, without a jury, to adjudicate the validity of his alleged interest in the Substitute Property, and for an amendment of the Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

The petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

10. After the disposition of any petition filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The government shall have clear title to the Substitute Property following the Court's disposition of all third-party interests;

12. Upon entry of this Order, the Attorney General or a designee, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Federal Rule of Civil Procedure 45.

13. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this forfeiture Order shall become final as to the defendant at the time of sentencing and shall be made part of the defendant's sentence and included in the judgment and commitment order.

14. The Court shall retain jurisdiction to enforce this forfeiture Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

15. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Federal Bureau of Investigation ("FBI"); the Department of Health and Human Services, Office of Inspector General ("HHSOIG"); the United States Marshals Service ("USMS") and to counsel for the parties.

ORDERED this ___ day of _____, 2021.

_____
**HONORABLE MARK KEARNEY**
**United States District Judge**

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Preliminary Order of Forfeiture and proposed Preliminary Order of Forfeiture have been filed electronically in the Clerk's Office Electronic Case Filing (ECF) system and are available for viewing and downloading from the ECF system, and that a true and correct copy of the motion and proposed order were served upon counsel for the defendant by electronic filing, as follows:

Hope Lefeber, Esquire

*/s/ Debra Jaroslawicz*
DEBRA JAROSLAWICZ
Assistant United States Attorney

Date: 5/28/2021

# Attachment A