**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | NO. 19-519 |
| | : | |
| **JOHN KRAWCZYK** | : | |

**JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE**

    **AND NOW,** this 7th day of June 2021, upon considering the United States' Motion for preliminary forfeiture (ECF Doc. No. 32), evidence adduced at today's sentencing hearing and finding as a result of John Krawczyk's guilty plea as to counts one and two of the Information, charging Mr. Krawczyk violated 18 U.S.C. § 371, conspiracy to pay kickbacks in connection with a federal health care benefit program, 42 U.S.C. § 1320a-7(b)(2)(B), kickback payment in connection with a federal health care benefit program, and 18 U.S.C. § 2, aiding and abetting, for which the United States sought forfeiture under 18 U.S.C. § 982(a)(7), it is **ORDERED** the Motion (ECF Doc. No.32) is **GRANTED** and we enter **JUDGMENT** requiring Mr. Krawczyk **forfeit** to the United States all right, title and interest in any property, real or personal, used or intended to be used to commit or to facilitate the commission of the violations as charged in the Information under our terms:

    1.    As a result of John Krawczyk's guilty plea as to Counts One and Two of the Information charging him with conspiracy to pay kickbacks in connection with a federal health care benefit program, in violation of 18 U.S.C. § 371 (Count One); payment of kickbacks in connection with a federal health care benefit program, in violation of 42 U.S.C. § 1320a-7(b)(2)(B) and 18 U.S.C. § 2 (Count Two), he is required to forfeit criminally his interest in any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable

to his commission of a violation of 18 U.S.C. § 371, 42 U.S.C. § 1320a-7(b)(2)(B) and 18 U.S.C. § 2, pursuant to 18 U.S.C. § 982(a)(7).

2. All property that constitutes or is derived from gross proceeds traceable to the commission of such offenses is forfeited to the United States.

3. The sum of $794,000 represents the value of property that constitutes and is derived from gross proceeds Mr. Krawczyk directly or indirectly obtained, which are traceable to his commission of the offenses charged in Count One and Two of the Information.

4. Mr. Krawczyk shall forfeit to the United States the $794,000 in gross proceeds he obtained as a result of his commission of the offenses charged in Counts One and Two of the Information, pursuant to 18 U.S.C. § 982(a)(7), and Federal Rule of Criminal Procedure 32.2(b)(2). A money judgment in the amount of $794,000 is entered against John Krawczyk.

5. Due to the Mr. Krawczyk's acts or omissions, these proceeds are not currently available because he has dissipated or otherwise spent the proceeds that he obtained and the United States cannot locate the proceeds upon the exercise of due diligence. Under 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment. The United States may move at any time, pursuant to Federal Rule of Criminal Procedure 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to Mr. Krawczyk having a value up to the amount of the uncollected money judgment, as substitute assets.

6. Under the Agreement for Interlocutory Sale of Property entered into by Mr. Krawczyk and the United States, 18 U.S.C. § 982(a)(7), and 21 U.S.C. § 853(p), the following property constitutes substitute assets of the defendant to satisfy partially the $794,000 forfeiture money judgment, and all right, title, and interest of Mr. Krawczyk in the following property is forfeited

to the United States:

      (a) $63,014.04 in net proceeds from the sale of 1323 Redcone Street, Feasterville, Pennsylvania, paid to the United States Marshals Service (hereinafter "Substitute Property").

7. Upon entry of this Order or any amendment thereto that is entered under Federal Rule of Criminal Procedure 32.2(e), the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order or subsequent amendment, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

8. Under Federal Rule of Criminal Procedure 32.2(b)(6) and 21 U.S.C. § 853(n)(1), the United States shall, upon entry of this Order, post on an official internet United States forfeiture site (www.forfeiture.gov), for a period of at least 30 consecutive days, notice of the United States' intent to dispose of the Substitute Property in such a manner as the Attorney General may direct. This notice shall state that any person, other than the defendant, having or claiming a legal interest in the Substitute Property subject to this Order must file a petition with the Court no later than thirty days after the last day of publication on the official internet United States forfeiture site.

The notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

9. To the extent practicable, the United States also shall provide direct written notice to any person known to have alleged an interest in the Substitute Property that is subject to this Preliminary Order of Forfeiture, or to their attorney, if they are represented, as a substitute for

published notice as to those persons so notified. If direct written notice is provided, any person having or claiming a legal interest in any of the Substitute Property subject to this Preliminary Order of Forfeiture must file a petition with the Court within 30 days after the notice is received; and it is further

Any person, other than defendant, asserting a legal interest in the Substitute Property may, within the time periods described above for notice by publication and for direct written notice, petition the Court for a hearing, without a jury, to adjudicate the validity of his alleged interest in the Substitute Property, and for an amendment of the Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

The petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

10. After the disposition of any petition filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the Substitute Property following the Court's disposition of all third-party interests;

12. Upon entry of this Order, the Attorney General or a designee, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Federal Rule of Civil Procedure 45.

13. Under Federal Rule of Criminal Procedure 32.2(b)(4), this forfeiture Order shall become final as to Mr. Krawczyk at the time of sentencing and shall be made part of hissentence and included in the judgment and commitment order.

14. The Court shall retain jurisdiction to enforce this forfeiture Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

15. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Federal Bureau of Investigation ("FBI"); the Department of Health and Human Services, Office of Inspector General ("HHSOIG"); the United States Marshals Service ("USMS") and to counsel for the parties.

_____
**KEARNEY, J.**